IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:19-CV-320

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY & NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHEBROOK PARK, LLC d/b/a WESLEY LANDING APARTMENTS, PENDERGRAPH MANAGEMENT, LLC, BERNARD DICKENS, ALLISON DICKENS, B.D., a minor, and B.D., III, a minor, by and through their Guardian ad Litem, JOHN LOCKE MILHOLLAND, IV,<br><br>Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT<br>**[28 U.S.C. § 1332, F.R.C.P. Rule 57 & 28 U.S.C. §§ 2201, 2202]** |

NOW COME the Plaintiffs, Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively "Nationwide"), and file this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 1332, 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

**NATURE OF CASE**

This action arises out of a personal injury claim brought by Defendants Bernard Dickens, Allison Dickens, B.D., a minor, and B.D., III, a minor, by and through their Guardian ad Litem, John Locke Millholland, IV (collectively "Dickens") against Defendant Ashebrook Park, LLC d/b/a Wesley Landing Apartments ("Ashebrook"), and Pendergraph Management, LLC ("Pendergraph") under a blanket protector, premier businessowners insurance policy issued to Ashebrook by

Nationwide. The Dickens alleged personal injuries and property damage due to exposure to mold resulting from a failed plumbing pipe in their apartment building. In addition, the Dickens allege Ashebrook's and Pendergraph's conduct constitutes unfair and deceptive trade practices under section 75-1.1 of the North Carolina General Statutes. Nationwide asserts the damages claimed by the Dickens are excluded from coverage under the express provisions of the applicable policy. Nationwide brings this declaratory action to determine the parties rights and obligations under the policy.

## **JURISDICTIONAL ALLEGATIONS**

1. This action involves a controversy wholly between citizens of different states, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff's request for Declaratory Relief is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201, 2202.

2. Upon information and belief, the Dickens have made claims against Ashebrook and Pendergraph for damages in an amount in excess of $75,000.00, exclusive of interest and costs. In addition to medical damages alleged by all four individual defendants, claims of unfair and deceptive trade practices are included with a demand to treble all awarded damages. Therefore, the amount in controversy in this action, concerning the disputed coverage and damages exceeds $75,000.00.

3. Nationwide is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Nationwide is authorized by the laws of the State of North Carolina to issue policies of insurance, including blanket protector, business owners policies in the State of North Carolina.

4. Ashebrook and Pendergraph are companies organized and existing under the laws of the State of North Carolina, with their respective principal places of business in Wake County, North

Carolina. Ashebrook and Pendergraph tendered the Dickens lawsuit to Nationwide, and a defense was provided under a full reservation of rights under the policy of insurance issued by Nationwide. Ashebrook is the named insured on the policy issued by Nationwide, and Pendergraph, as the management company for the apartments, is also being provided a defense under a full reservation of rights. Both Ashebrook and Pendergraph are necessary parties to this Complaint for Declaratory Judgment, so that any determination of coverage under the policy of insurance issued by Nationwide will be binding on the corporations.

5. Upon information and belief, the Dickens are Edgecombe County, North Carolina residents. The Dickens are necessary parties to this Complaint for Declaratory Judgment, so that any determination of coverage under the policies of insurance issued by Nationwide will be binding on the Dickens.

## FACTS

6. Nationwide issued Blanket Protector, Premier Businessowners insurance policy number ACP BPHM2245143131 to Ashebrook ("Policy") for the period commencing October 1, 2015 through October 1, 2016, the terms, limits, conditions and exclusions of which are incorporated herein by reference, and a true and accurate copy of which is attached hereto as "Exhibit 1."

7. The Nationwide policy issued to Ashebrook includes, among other provisions, coverage forms and endorsements PB 81 01 (04-11), PB 81 00 (01-01), PB 81 S1 (01-01), PB 00 06 11 14, and PB 29 99 02 15, which include the following endorsement:

### EXCLUSION - FUNGI OR BACTERIA

This endorsement modifies insurance provided under the following:

PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM

A. In Section I. COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY, under paragraph 2. EXCLUSIONS, the following exclusions are added:

This insurance, including any duty we have to defend "suits", does not apply to:

**Fungi or Bacteria**

a. "Bodily Injury" or "property damage" which would not have occurred, in whole or in part, but for:
   1) The actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, and "fungi" or bacteria on or within a building or structure, including its contents; or
   2) The failure to warn or to disclose the presence of "fungi" or bacteria;

   regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

HOWEVER, this exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily digestion.

\* \* \*

C. In Section V. DEFINITIONS the following definition is added:

**"Fungi"** means any type or form of fungus, including mold or mildew, and any myotoxins, spores, scents or byproducts produced or released by fungi.

("Exhibit 2", **EXCLUSION - FUNGI OR BACTERIA**).

8. On September 18, 2018, the Dickens filed a lawsuit against Ashebrook and Pendergraph, Wilson County Civil Superior Court Action No. 18 CVS 1332 ("Lawsuit"), alleging breach of contract, breach of the residential rental agreements act, breach of implied warranty of habitability, constructive eviction, negligence, and unfair and deceptive trade practices due to mold and fungal growth in the Dickens' apartment. The Dickens claimed that Ashebrook's and

4
Case 5:19-cv-00320-FL   Document 1   Filed 07/29/19   Page 4 of 8

Pendergraph's conduct was the cause of their personal injuries and property damage due to exposure to mold.

9. Thereafter, Ashebrook and Pendergraph forwarded the lawsuit to Nationwide for defense and indemnity from the Dickens' claims.

10. On July 9, 2019, Nationwide issued a Reservation of Rights letter to Ashebrook and Pendergraph, specifically reserving all rights under the policy and citing to the Exclusion - Fungi or Bacteria (a true and accurate copy of the letter is attached hereto as "Exhibit 3").

11. The Verified Complaint filed by Plaintiffs in state court alleges exposure to toxic mold that has caused personal and bodily injuries and property damage.

12. Mold is fungi as that term is defined by the above-listed policy's endorsement. The endorsement precludes coverage for "bodily injury" due to fungi.

13. Pursuant to the terms of the Policy, for coverage to exist, the Dickens had to suffer "bodily injury" caused by an "occurrence" that is not otherwise excluded from coverage.

14. As of the date of the filing of this Declaratory Judgment Action, Nationwide disputes coverage under the Policy for the damages claimed by the Dickens in their state court lawsuit.

15. Nationwide seeks a declaration from this Court as to its duties and obligations under the Policy. Nationwide seeks a declaration from this Court that the Policy provides no coverage to Ashebrook or Pendergraph for the Dickens' personal and bodily injury claims.

16. Nationwide alleges that it has no coverage under the Policy for the Dickens' claims of personal injuries and property damage resulting from exposure to toxic mold, which is not a covered cause of loss, and is otherwise excluded by the Policy's terms.

**FIRST CLAIM FOR RELIEF:
DECLARATORY JUDGMENT THAT THE POLICY DOES NOT PROVIDE
COVERAGE TO ASHEBROOK OR PENDERGRAPH FOR THE DICKENS' CLAIMS**

17. Paragraphs 1 through 16 of this Complaint for Declaratory Judgment are incorporated herein by reference as if fully set forth below.

18. An actual controversy exists between Nationwide, Ashebrook and Pendergraph as to whether any of the Dickens' personal and bodily injury claims are covered under the Policy.

19. Nationwide alleges that the personal and bodily injuries and property damages claimed by the Dickens resulting from toxic mold exposure are excluded from coverage under the Policy by the Exclusion - Fungi or Bacteria, and that the Policy does not otherwise provide any coverage to Ashebrook or Pendergraph for the Dickens' claims.

20. Nationwide seeks a Declaration from this Court as to whether the Dickens' claimed damages are covered under the Policy.

**SECOND CLAIM FOR RELIEF:**
**IN THE ALTERNATIVE, DECLARATORY JUDGMENT THAT THE POLICY DOES NOT PROVIDE COVERAGE FOR THE DICKENS' CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES**

21. Paragraphs 1 through 20 of this Complaint for Declaratory Judgment are incorporated herein by reference as if fully set forth below.

22. This action seeks a Declaration from this Court as to whether the Dickens' claim of unfair and deceptive trade practices is covered under the Policy.

23. The Dickens' state court Verified Complaint seeks recovery of treble damages under the unfair and deceptive trade practices statute, Section 75-1.1 of the North Carolina General Statutes.

24. The Policy states:

> **I. COVERAGES**
> **A. COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> * * *

6
Case 5:19-cv-00320-FL   Document 1   Filed 07/29/19   Page 6 of 8

b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

**V. DEFINITIONS**

\* \* \*

3. **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. **"Property Damage"** means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

25. Nationwide states that unfair and deceptive acts or practices are not bodily injury or property damage caused by an occurrence as defined under the Policy's terms.

26. Nationwide seeks a Declaration from this Court as to whether the Dickens' claimed unfair and deceptive trade practices damages are covered under the Policy.

**WHEREFORE**, Nationwide prays the Court as follows:

A. That this Court declare that the Dickens' damages claims for both bodily injury and property damage are not covered under the Nationwide Policy;

B. That, in the alternative, this Court declare that the Dickens' unfair and deceptive trade practices claim is not covered under the Nationwide Policy;

C. That this Court declare and adjudicate all other rights and obligations between the parties under the Policy, including whether there is a duty to defend Ashebrook and Pendergraph in addition to the duty to indemnify;

D. That Nationwide have and recover its costs in this litigation; and

E. For such other and further relief as this Court may deem just and proper.

This the 29th day of July, 2019.

Respectfully submitted,

BROWN, CRUMP, VANORE & TIERNEY, LLP

/s/ W. John Cathcart, Jr.
R. SCOTT BROWN
NC State Bar No.: 13435
W. JOHN CATHCART, JR.
NC State Bar No.: 28255
Email: sbrown@bcvtlaw.com
Email: jcathcart@bcvtlaw.com
*Attorneys for Plaintiff*
Post Office Box 1729
Raleigh, NC 27602
Telephone: 919-890-4469
Facsimile: 919-835-0915